330 P.2d 493

STATE of Utah, Plaintiff and Respondent,

v.

Leamon GEORGE, Defendant and Appellant.

No. 8788.

Supreme Court of Utah.

Oct. 21, 1958.

Lon Rodney Kump, Salt Lake City, for appellant.

1. 4 Utah 2d 336, 294 P.2d 683.

E. R. Callister, Jr., Atty. Gen., Maurice D. Jones, Asst. Atty. Gen., for respondent.

WORTHEN, Justice.

Appeal from a conviction of the crime of robbery.

During the early morning hours of June 5, 1957, a robbery was committed at the Day and Night Market at 243 East Fourth South, Salt Lake City, Utah. Mr. Verle L. Butler, who was in charge of the store for the shift from midnight until eight o'clock in the morning, testified that the defendant entered the store about 2:55 a. m. or 3 a. m. He stated that one customer was in the store at the time defendant entered; that defendant walked around looking at merchandise until the other customer left; that he then came to the counter and asked for a package of cigarettes; that defendant reached in his pocket and took out his wallet and took out a dollar and handed it to Mr. Butler. When Mr. Butler turned around after ringing up the sale the robber was pointing a gun at him and said, "Read the note." Butler then picked up the note and read, "This is a holdup. Put the money in the sack; don't do anything else, and no one will be hurt." Mr. Butler emptied one till and asked the robber if he wanted all the change too and the answer was "yes."

While Mr. Butler was putting the money into the sack Mr. Richard J. Veenendaal came into the store; the robber said to him, "Go outside and stand in front of the door."

But immediately after Mr. Veenendaal went outside the robber told him to come back in the store. After Mr. Butler had taken the currency from the second cash register and started to get the change the robber said, "That's enough. I am leaving. Put the note in the sack." Butler complied. The robber then took the sack, told Mr. Veenendaal to open the door for him and he left.

The foregoing facts were not disputed. The defendant filed notice of alibi.

On June 10, 1957, the defendant was arrested in Ogden, Utah, and Mr. Butler was taken to Ogden by two police officers to see if the man being held was the man that held up the store. Mr. Butler identified him as the robber. The same afternoon a police lineup was held at the Salt Lake City police station which included defendant, two other Negroes and a Mexican. The defendant was identified by Mr. Butler and by Mr. Veenendaal as the man who committed the robbery. Both Mr. Butler and Mr. Veenendaal while witnesses in the trial identified the defendant as the robber.

Appellant contends that the State failed to make a case against him and relies on two points in support thereof:

I. That the State's eyewitnesses, Butler and Veenendaal, failed to properly identify the appellant as the person who committed the robbery.

II. That the .45 caliber automatic pistol was improperly received in evidence be-

cause it was never identified or connected with appellant.

Appellant objects to the identification of him at Ogden without having him appear in a lineup with others, thereby requiring the witness Butler to choose.

We find no merit to this contention. Both Butler and Veenendaal identified appellant while they were being examined as witnesses at the trial. It is further observed that both Butler and Veenendaal identified appellant at a police lineup at police headquarters in Salt Lake City. Both witnesses testified that appellant had no scars or identifying marks but both saw him at close range, both heard him speak several times, and the jury was satisfied from the testimony that appellant committed the offense.

Both Butler and Veenendaal testified as to the type of gun held by appellant. Under examination by counsel for the State, Mr. Veenendaal testified:

"Q. Did you have an opportunity to observe the gun he was holding? A. Yes.

"Q. What type of gun was it? A. Army 45.

"Q. Are you familiar with such weapons? A. Yes, I am.

"Q. I will show you what has been marked as Exhibit P–1 and ask you if you have seen this before? A. Very similar to it, same type he was holding.

"Mr. Oliver: 'What did you say about that?' (The last answer was read by the reporter.)

"Mr. Child: 'We would offer Exhibit P–1 in evidence for illustrative purposes your Honor.'

"Mr. Oliver: 'There is no objection.'

"The Court: 'It will be received.' "

No error can be predicated on the admission of the gun under the circumstances for illustrative purposes.

We thank defense counsel for an excellent presentation of this appeal, he having been appointed by this Court for that purpose.

Judgment affirmed.

McDONOUGH, C. J., and CROCKETT, WADE, and HENRIOD, JJ., concur.